IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN HALLMARK INSURANCE COMPANY, a foreign insurer,<br><br>      Plaintiff,<br><br>vs.<br><br>CHRISTIAN BECK, individually, SCOTT HOLLAND, individually, DANNA HOLLAND, individually, RHINE DEMOLITION, LLC, a Washington corporation, RHINE GROUP, INC., a Washington corporation, RON SPARKS INC., a foreign for-profit corporation, GM NORTHRUP CORPORATION, a Minnesota corporation, O'REILLY AUTO ENTERPRISES, LLC, a foreign for-profit corporation, and O'REILLY AUTOMOTIVE STORES, INC, a foreign for-profit corporation,<br><br>      Defendants. | No. 3:22-cv-5565<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff American Hallmark Insurance Company (Hallmark) submits the following Complaint for Declaratory Relief.

## I.     INTRODUCTION

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1.1     This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Hallmark seeks a determination that it does not owe a duty to defend or indemnify GM Northrup Corporation (GM) as an additional insured under policies of insurance issued by Hallmark to its named insured, Black Hills Excavating, Inc., with respect to the claims made against GM in *Christian Beck et al. vs. Rhine Demolition LLC, et al.*, Pierce County Superior Court Cause No. 20-2-07117-5 (the "Underlying Lawsuit").

## II.     PARTIES

2.1     Plaintiff Hallmark is a foreign insurer organized under the laws of the state of Texas with its principal place of business in the state of Texas.

2.2     Defendant Christian Beck (hereinafter "Beck") is a citizen of the State of Washington who resides in Pierce County, Washington.

2.3     Defendant Scott Holland is a citizen of the State of Washington who resides in Pierce County, Washington.

2.4     Defendant Danna Holland is a citizen of the State of Washington who resides in Pierce County, Washington.

2.5     Defendant Rhine Demolition, LLC is a Washington Professional Services Corporation doing business in Mason County, Washington.

2.6     Defendant Rhine Group, LLC is a Washington Professional Services Corporation doing business in Mason County, Washington.

2.7     Defendant Ron Sparks Inc. is a Texas Professional Services Corporation doing business in Mason County, Washington.

2.8     Defendant GM Northrup Corporation is a Minnesota Professional Services Corporation doing business in Mason County, Washington.

2.9    Defendant O'Reilly Auto Enterprises, LLC is a foreign Professional Services Corporation doing business in Mason County, Washington.

2.10    Defendant O'Reilly Automotive Stores, Inc. is a foreign Professional Services Corporation doing business in Mason County, Washington.

### III.    JURISDICTION AND VENUE

3.1    This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity amongst the parties is complete.

3.2    Venue is proper with this Court pursuant to 28 U.S.C. § 1391 as this case involves a claim for insurance coverage stemming from the alleged losses that occurred in Mason County, Washington.

### IV.    FACTS

**A.    Background Facts**

4.1    On or about January 20, 2022, Christian Beck, Scott Holland, and Danna Holland (hereinafter collectively "Plaintiffs") filed the Underlying Lawsuit against Rhine Demolition LLC, Rhine Group, Inc. (hereinafter collectively "Rhine"), Ron Sparks Inc. (RSI), and GM.

4.2    Subsequently, Rhine Demolition, LLC filed a third-party Complaint against O'Reilly Auto Enterprises, LLC and O'Reilly AutomotiveStores, Inc. as third-party defendants.

**B.    Allegations of the Underlying Lawsuit**

4.3    The Second Amended Complaint for Damages in the Underlying Lawsuit alleges that GM was the general contractor responsible for the construction of an O'Reilly Auto Parts store located at 23030 NE State Route 3, Belfair, Washington, in approximately 2012-13.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

4.4    On October 1, 2012, GM signed a subcontract with Hallmark's insured, Black Hills Excavating, Inc. for demolition, excavation, and installation of sanitary sewer lines and other systems as part of the construction of the O'Reilly Auto Parts store.

4.5    The Second Amended Complaint alleges that during this construction, GM failed to properly "design, install, identify, address, or document" the location of a sewer line (hereinafter the "Line") on the O'Reilly Auto Parts property.

4.6    The Second Amended Complaint specifically alleges that GM failed to properly mark or indicate the location of the Line on the property.

4.7    The Second Amended Complaint further alleges that, at some point between March and May of 2019, RSI was contracted to demolish the North Bay Mortgage building, which shared the 23030 NE State Route 3, Belfar, Washington address with the O'Reilly Auto Parts store.

4.8    The Second Amended Complaint further alleges that Rhine was hired by RSI as the subcontractor for the demolition of the North Bay Mortgage Building.

4.9    The Second Amended Complaint further alleges that, because of GM's failure to properly mark the location of the Line during its work on that site in 2012-13, Rhine Demolition, LLC (hereinafter "Rhine") struck and damaged the Line during the demolition of the North Bay Mortgage building.

4.10   The Second Amended Complaint further alleges that Rhine did not properly report the damage or repair the Line after damaging it, but instead plugged one end of the pipe and filled the other end with dirt.

4.11   The Second Amended Complaint further alleges that, as a direct result of Rhine filling the Line with dirt and creating a blockage, the Line gradually became highly pressurized.

COMPLAINT FOR DECLARATORY RELIEF – 4

4.12    The Second Amended Complaint further alleges that on May 28, 2019, Plaintiff Beck, an employee of O'Reilly Auto Parts, was seriously injured by pressurized sewage backflow from the Line when it erupted from a toilet at the O'Reilly Auto Parts store.

4.13    The Second Amended Complaint further alleges that Beck suffered multiple catastrophic health crises as a direct result of his exposure to the pressurized sewage backflow, including sepsis, staph infection, toxic shock syndrome, massive organ failure, temporary cardiac death, and ultimately permanent hypoxic blindness and brain injury.

4.14    The Second Amended Complaint asserts that GM breached its duty of reasonable and ordinary care to the public by failing to properly monitor and supervise the construction of the O'Reilly Auto Parts building in 2012-13, particularly regarding the alleged failure of GM and its subcontractors to properly mark and identify the Line on the O'Reilly Auto Parts property.

4.15    The Second Amended Complaint further asserts that GM breached its duty to comply with Washington state laws, codes, regulations, and statutory requirements, guidelines, provisions, and standards by failing to properly monitor and supervise the construction of the O'Reilly Auto Parts building in 2012-13, particularly regarding the alleged failure of GM and its subcontractors to properly mark and identify the Line on the O'Reilly Auto Parts property.

4.16    The Second Amended Complaint further asserts that GM breached its nondelegable duty as a general contractor to ensure the safety of its job site at the 23030 NE State Route 3 location by failing to have or follow a plan to ensure safety on the job site, failing to properly identify, locate, and determine the connections of the sewage lines on or adjacent to the North Bay Mortgage location, failing to supervise the demolition of the North Bay Mortgage building to ensure that sewer lines were not damaged to an extent that would adversely impact

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1   other businesses, failing to properly train and supervise its employers and subcontractors, failing

2   to have and utilize proper safety equipment, failing to follow proper policies and procedures,

3   and other failures to be determined.

4         4.17    The Second Amended Complaint asserts claims for loss of consortium, damage

5   to the parent-child relationship, mental anguish, emotional distress, and any and all other

6   damages which the Plaintiffs may prove at trial.

7   **C.**     **Claim and Hallmark's Response Thereto**

8         4.18    On February 17, 2022, GM submitted tender for defense and indemnity to Black

9   Hills Excavating as a purported additional insured under Black Hills' policy of insurance with

10   Hallmark.

11         4.19    GM's basis for its tender as an additional insured was its subcontract agreement

12   with Black Hills.

13         4.20    On February 25, 2022, Hallmark received notice from Black Hills that GM had

14   tendered for defense and indemnity in this case as an additional insured of Black Hills.

15         4.21    Hallmark promptly acknowledged the tender and initiated a coverage

16   investigation.

17         4.22    Hallmark accepted the tender for defense from Defendant GM pursuant to a full

18   reservation of rights, which was sent to GM's counsel on May 2, 2022 and issued a supplemental

19   reservation of rights letter on July 7, 2022.

20   **D.**     **The Hallmark Policy**

21         4.23    Hallmark issued a policy of insurance to Black Hills Excavating, LLC under

22   policy number 44-CL-000494289-02, which was in effect from May 5, 2019 to May 5, 2020 (the

23   "Policy"). The Policy includes Commercial General Liability coverage of up to $1,000,000 per

COMPLAINT FOR DECLARATORY RELIEF – 6

occurrence with a $2,000,000 general aggregate and $2,000,000 products-completed operations aggregate. The Policy also includes Commercial Umbrella Liability Coverage of up to $5,000,000 per incident with a $5,000,000 general aggregate and $5,000,000 products-completed operations aggregate. The Policy identifies the Commercial General Liability Coverage of this Policy as "underlying insurance" with respect to the Commercial Liability Umbrella Coverage.

4.24    The Commercial General Liability Coverage is subject to the Artisans Advantage Enhanced Coverage Endorsement, which provides as follows:

> The following Additional Coverages are added to the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM.**
>
> **A.    Blanket Additional Insured Coverage**
>
>> **1.**    **SECTION II – WHO IS AN INSURED** of the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM** is amended to include as an insured any person or organization (referred to as Additional Insured) whom you are required to add as an Additional Insured on this policy under:
>>
>>> **a.**    A written contract or agreement; and
>>>
>>> **b.**    Where a certificate of insurance showing that person or organization as an additional insured has been issued; and
>>>
>>> **c.**    When the written contract or agreement and certificate of insurance are currently in effect or becoming in effect during the term of the policy and executed prior to the "bodily injury," "property damage," or "personal and advertising injury."
>>
>> **2.**    The insurance provided to the Additional Insured is limited as follows:

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

      **a.**     The Additional Insured is only an additional insured for:

             **(1)**    "Bodily injury," "property damage," or "personal and advertising injury" caused in whole or in part by negligent acts or omissions of the Named Insured or anyone directly or indirectly employed by the Named Insured or for whose acts a Named Insured may be liable.

             **(2)**    Liability arising out of your ongoing operations for the Additional Insured by or for you. A person's or organization's status as an insured under this coverage ends when your operations for that insured are completed.

      **b.**     The Limits of Insurance applicable to the Additional Insured are those specified in the written contract or agreement but not more than the Limits of Insurance specified in the Declarations for this policy. The Limits of Insurance applicable to the Additional Insured are inclusive of and not in addition to the Limits of Insurance shown in the Declarations for the Named Insured.

MP 97 67 10 10.

    4.25   The Hallmark Commercial General Liability Policy also includes a Blanket Additional Insured Completed Operations Endorsement, which provides as follows:

          **COMMERCIAL GENERAL LIABILITY COVERAGE PART**

      **A.**     **Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured for completed operations. Such person or organization is an additional insured only with respect to

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

liability for "bodily injury" or "property damage" caused, in whole or in part, by "your work" performed for that additional insured and included in the "products-completed operations hazard."

**B.** With respect to the insurance afforded to these additional insureds, the following limitations apply:

    **1.** This additional insured status is granted only at the locations listed in the written contract.

    **2.** Coverage is limited to "your work" that is described in the classifications or schedule of hazards shown in the General Liability Declarations of this policy.

**C.** With respect to the insurance afforded to these additional insureds, the following exclusion applies:

This insurance does not apply to:

"Bodily injury" or "property damage" which occurs prior to the execution of the written contract or the effective date of this endorsement.

GC 10 24 07 09.

4.26 The Commercial Umbrella Liability Occurrence Coverage Form provides, in part, as follows:

The word "insured" means any person or organization qualifying as such under **SECTION II – WHO IS AN INSURED** for Coverage B, and any person qualifying as such under "underlying insurance" for Coverage A.

GC 70 21 11 87.

4.27 Coverage A provides Excess Liability Coverage and Coverage B provides Extended Liability Coverage. With respect to Coverage B, the **WHO IS AN INSURED** provision provides as follows:

**SECTION II - WHO IS AN INSURED - COVERAGE B**

    **1.** If you are designated in the Declarations as:

COMPLAINT FOR DECLARATORY RELIEF – 9

**a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

**b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

**c.** An organization other than a partnership or joint venture, you are an insured. Your executive officers and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

**2.** Each of the following is also an insured:

**a**. Your employees, other than your executive officers, but only for acts within the scope of their employment by you.

However, none of these employees is an insured for "bodily injury" or "personal injury" to you or to a co-employee while in the course of his or her employment.

**b.** Any person (other than your employee) or any organization while acting as your real estate manager.

**c.** Any person or organization having proper temporary custody of your property if you die, but only:

**1)** With respect to liability arising out of the maintenance or use of that property; and

**2)** Until your legal representative has been appointed.

**d.** Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Policy.

COMPLAINT FOR DECLARATORY RELIEF – 10

**3.**     Any organization you newly acquire or form, other than a partnership or joint venture, and over which you maintain ownership or majority interest, will be deemed to be a Named Insured if there is no other similar insurance available to that organization. However:

   **a.**     Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

   **b.**     Coverage does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

   **c.**     Coverage does not apply to "personal injury" or "advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

GC 70 21 11 87.

   4.28    The Bodily Injury And Property Damage Liability Coverage Part's Insuring Agreement of the Hallmark Policy provides as follows:

   **1.     Insuring Agreement**

   a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      (1)     The amount we will pay for damages is limited as described in Section III – Limits Of

COMPLAINT FOR DECLARATORY RELIEF – 11

Insurance; and

(2)     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b.     This insurance applies to "bodily injury" and "property damage" only if:

(1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)     The "bodily injury" or "property damage" occurs during the policy period; and

(3)     Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.     "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

COMPLAINT FOR DECLARATORY RELIEF – 12

    d.  "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

      (1)  Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

      (2)  Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

      (3)  Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

    e.  Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

    (…)

CG 00 01 12 07

  4.29 The Hallmark Policy contains the following applicable definitions:

  **SECTION V – DEFINITIONS**

  **3.**  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

  …

  **5.**  "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

  …

COMPLAINT FOR DECLARATORY RELIEF – 13

9.     "Insured contract" means:

a.     A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

b.     A sidetrack agreement;

c.     Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

d.     An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e.     An elevator maintenance agreement;

f.     That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph **f.** does not include that part of any contract or agreement:

(1)     That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

(2)     That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

(a)     Preparing, approving, or failing to prepare or approve, maps, shop

COMPLAINT FOR DECLARATORY RELIEF – 14

drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

**(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage;

**(3)** Under which you, if you are an architect, engineer or surveyor, assumes liability for injury or damage arising out of your rendering or failure to render professional services, including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities; or

**(4)** That indemnifies any person or organization for "bodily injury" or "property damage" caused by "your work," whether ongoing or completed, unless that "bodily injury" or "property damage" is caused, in whole or in part, by your negligence or the negligence of those performing "your work," whether on-going or completed, on your behalf.

**10.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

…

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

**16.** "Products-completed operations hazard":

**a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

COMPLAINT FOR DECLARATORY RELIEF – 15

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**(1)**   Products that are still in your physical possession; or

**(2)**   Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

  **(a)**   When all of the work called for in your contract has been completed.

  **(b)**   When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

  **(c)**   When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

  Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**b.**   Does not include "bodily injury" or "property damage" arising out of:

**(1)**   The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

**(2)**   The existence of tools, uninstalled equipment or abandoned or unused materials; or

**(3)**   Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products

COMPLAINT FOR DECLARATORY RELIEF – 16

completed operations are subject to the General Aggregate Limit.

…

18.  "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

a.  An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b.  Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

19.  "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

CG 00 01 12 07 as modified by CG 10 13 07 09.

4.30   The Hallmark Policy contains the following exclusion pertaining to "bodily injury" and "property damage":

3.  In addition to the other exclusions applicable to **Section I, Coverages A., B.** and **C.** of the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**, the insurance provided to the Additional Insured does not apply to:

a.  "Property damage" to:

(1)  Property owned, used, occupied by, loaned or rented to the Additional Insured;

(2)  Property in the care, custody or control of the Additional Insured or over which the Additional Insured are for any purpose exercising physical control; or

COMPLAINT FOR DECLARATORY RELIEF – 17

       **(3)**     "Your work" performed for the Additional Insured.

   **b.**    "Bodily injury," "property damage," or "personal and advertising injury" arising out of an architect's, engineer's or surveyor's rendering or failure to render any professional services for you, for the Additional Insured or for others, including, but not limited to:

       **(1)**     The preparing, approving or failure to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

       **(2)**     Supervisory, inspection or engineering services.

   **c.**    "Bodily injury" or "property damage" occurring after:

       **(1)**     All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured at the site of the covered operations has been completed; or

       **(2)**     That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

MP 97 67 10 10.

   4.31   In addition, this exclusion is modified by the following:

   The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2., Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1.      This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:

    a.      Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and

    b.      Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

2.      Subject to Paragraph **3.** below, professional services include:

    a.      Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and

    b.      Supervisory or inspection activities performed as part of any related architectural or engineering activities.

3.      Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

CG 22 79 07 98.

4.32    The Hallmark Policy contains the following exclusion pertaining to "injury"

excluded under the insurance shown in the Schedule of Underlying Insurance

**EXCLUSION OF UNDERLYING POLICIES APPLICABLE**

This endorsement modifies insurance provided under the following:

**COMMERCIAL UMBRELLA LIABILITY POLICY**

The following is added to paragraph **2. Exclusions of COVERAGE B – EXTENDED LIABILITY COVERAGE (Section I):**

COMPLAINT FOR DECLARATORY RELIEF – 19

> **r.**     This insurance does not apply to any "injury" excluded under the insurance shown in the Schedule of Underlying Insurance.

AG0061 (04/93).

4.33    The Hallmark Policy contains the following exclusion pertaining to underlying insurance:

> **2.     Exclusions - Coverage A**
>
> The exclusions applicable to the "underlying insurance" also apply to this insurance. Additionally, this insurance does not apply to:
>
> …
>
> **f.**     "Injury" arising out of the rendering of or failure to render any professional services.

CG 70 21 11 87.

## V.     THERE ARE ACTUAL JUSTICIABLE CONTROVERSIES

5.1    Hallmark incorporates by reference and re-alleges paragraphs 1.1 through 4.33 above as if fully set forth herein.

5.2    Under form MP 97 67 10 10,The Hallmark Policy requires that additional insured status be confirmed by the named insured adding persons or organizations that an insured is required to add as an additional insured under a written agreement, where a certificate of insurance showing the organization as an additional insured has been issued, and when the contract or agreement and certificate are currently in effect or come into effect during the term of the Policy and executed prior to the "bodily injury", "personal and advertising injury" or "property damage".

5.3    There is an actual and justiciable controversy as to whether GM qualifies as an additional insured under the Hallmark Policy pursuant to the terms and conditions of MP 97 67 10 10 where there is no certificate of insurance identifying GM as an additional insured, the

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

written subcontract and certificate of insurance that were issued were not in effect, nor coming into effect during the term of the Hallmark Policy, and where form MP 97 67 10 10 terminates additional insured status when the insured's work is completed and Black Hills' work was completed well in advance of the injuries and damages complained of in the Second Amended Complaint in the Underlying Lawsuit.

5.4    The Hallmark Policy limits liability to "bodily injury", "personal and advertising injury" or "property damage" caused in whole or part by the negligent acts or omissions of the named insured and or persons employed (directly or indirectly) by the named insured or for those whose acts the named insured may be liable.

5.5    There is an actual and justiciable controversy as to whether Black Hills' work was the cause of any of the complained damages or injuries in the Underlying Lawsuit.

5.6    The Hallmark Policy requires liability for ongoing operations and terminates additional insured status when the insured's work is completed.

5.7    There is an actual and justiciable controversy as to whether Black Hills' work as a subcontractor for GM was completed several years in advance of the injuries and damages complained of in the Underlying Lawsuit such that GM would not qualify as an additional insured under MP 97 67 10 10 with respect to the claims against it in the Underlying Lawsuit.

5.8    Under form GC 10 24 07 09, the Hallmark Policy provides additional insured status for completed operations where there is a contract requiring additional insured status for completed operations.

5.9    There is an actual and justiciable controversy as to whether Black Hills' subcontract agreement with GM required Black Hills to add GM as an additional insured under

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

the Hallmark Policy for completed operations where the subcontract agreement does not require that GM be added to any insurance policy for completed operations coverage.

5.10     Coverage A of the Hallmark Policy's Commercial Umbrella Liability Coverage form provides insured status for persons and entities that are considered an insured under "underlying insurance."

5.11     There is an actual and justiciable controversy as to whether GM is an entity that is considered an insured under "underlying insurance" where GM does not qualify as an additional insured under endorsement MP 97 67 10 10 or endorsement GC 10 24 07 09 of the Hallmark Policy for the reasons set forth in paragraphs 5.2 through 5.9, above.

5.12     Coverage B of the Hallmark Policy's Commercial Umbrella Liability Coverage defines insured and/or additional insured as entities or individuals identified on the Declarations, employees, and others including newly formed or acquired entities.

5.13     There is an actual and justiciable controversy as to whether GM qualifies as an insured or additional insured under Coverage B where GM is not listed on the Declarations page and does not all within any of the categories of other insured persons/entities as defined in the Hallmark Policy.

5.14     The Hallmark Policy excludes coverage for "bodily injury" or "property damage" arising out of "professional services", as that term is defined in the Hallmark Policy by an insured or on an insured's behalf.

5.15     There is an actual and justiciable controversy as to whether the "bodily injury" as alleged in the Second Amended Complaint arose out of GM's failure to prepare or approve maps, drawings, and/or related documentation that resulted in the failure of the sewer line to be mapped, which led to the line being broken and allegedly resulted in the injuries and damages

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1  complained of in the Second Amended Complaint such that the exclusion for "professional

2  services" in the Hallmark Policy would preclude coverage.

3       5.16   Except as provided otherwise with respect to coverage for completed operations

4  pursuant to the terms and conditions of the Hallmark Policy, the Hallmark Policy excludes

5  coverage for "bodily injury" or "property damage" occurring after the insured's work for the

6  additional insured is complete or when that portion of the insured's work out of which the injury

7  arises is put to its intended use by any person or organization other than the contractor or another

8  subcontractor.

9       5.17   There is an actual and justiciable controversy as to whether the "bodily injury" as

10  alleged in the Complaint occurred after Black Hills' work for GM was complete, or when that

11  portion of Black Hills' work out of which the alleged "bodily injury" arose was put to its intended

12  use by any person or organization other than GM or another subcontractor.

13       5.18   The Hallmark Policy excludes additional insured coverage for "bodily injury" or

14  "property damage" arising out of the rendering of or failure to render any professional services

15  by an insured or on an insured's behalf, including providing engineering, architectural or

16  surveying services to others in an insured's capacity as an engineer, architect or surveyor; and

17  providing or hiring independent professionals to provide, engineering, architectural or surveying

18  services in connection with construction work performed by an insured, "professional services"

19  being defined as "preparing, approving, or failing to prepare or approve, maps, shop drawings,

20  opinions, reports, surveys, field orders, change orders, or drawings and specifications".

21       5.19   There is an actual and justiciable controversy as to whether the "bodily injury" as

22  alleged in the Second Amended Complaint arose out of the rendering of or failure to render any

23  professional services by GM or on GM's behalf, including providing engineering, architectural

or surveying services to others in GM's capacity as an engineer, architect or surveyor; and providing or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work performed by GM such that the exclusion for "bodily injury" arising out of "professional services" precludes any coverage under the Hallmark Policy.

5.20    With respect to Commercial Umbrella Liability Coverage, the Hallmark Policy excludes coverage under either Coverage A or Coverage B for injuries or damages excluded under the "underlying insurance" (Coverage A) or insurance shown in the Schedule of Underlying Insurance (Coverage B).

5.21    There is an actual and justiciable controversy as to whether the "bodily injury" alleged in the Second Amended Complaint is excluded under the "underlying insurance" (Coverage A) or insurance shown in the Schedule of Underlying Insurance (Coverage B) of the Commercial Umbrella Liability Coverage part of the Hallmark Policy such that there is no coverage available under the Commercial Umbrella Liability Coverage part of the Hallmark Policy for the claims in the Underlying Lawsuit.

5.22    The Commercial Umbrella Liability Coverage part of the Hallmark Policy excludes coverage for "injury" arising out of the rendering of or failure to render any professional services.

5.23    There is an actual and justiciable controversy as to whether the "bodily injury" alleged in the Second Amended Complaint arose out of the rendering of or failure to render professional services by GM.

5.24    In addition to the provisions cited above, Hallmark pleads all other conditions, terms, provisions, limitations, definitions, and exclusions of the Hallmark Policy which may be

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

found to be applicable to Hallmark's investigation and defense of these claims, and Hallmark reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

## VI.   CLAIM FOR DECLARATORY JUDGMENT

6.1    Hallmark incorporates by reference and re-alleges paragraphs 1.1 through 5.24 above as if fully set forth herein.

6.2    Actual and justiciable controversies exist as to whether Hallmark owes any defense to GM as an additional insured under the Hallmark Policy.

6.3    Hallmark requests that this Court grant declaratory relief in favor of Hallmark and enter a judicial determination that Hallmark does not have an obligation to defend GM as an additional insured in the Underlying Lawsuit.

6.4    Actual and justiciable controversies exist as to whether Hallmark owes any duty to indemnity GM as an additional insured under the Hallmark Policy for the claims against GM in the Second Amended Complaint.

6.5    Hallmark requests that this Court grant declaratory relief in favor of Hallmark and enter a judicial determination that Hallmark does not have an obligation to indemnify GM for the claims in the Underlying Lawsuit.

## VIII.   REQUEST FOR RELIEF

WHEREFORE, Hallmark, having specifically alleged the foregoing, now prays for the following relief:

1.    For a declaration of the rights and obligations of the parties under the Hallmark Policy.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1    2.    For a declaration that Hallmark does not have a duty to defend GM for the claims

2    in the Underlying Lawsuit.

3    3.    For a declaration that Hallmark does not have a duty to indemnify GM for the

4    claims in the Underlying Lawsuit.

5    4.    For all pre-judgment and post-judgment interest as allowed by applicable law.

6    5.    For attorney fees and costs allowed by applicable statute and law.

7    6.    For other and further relief as the Court deems just and equitable.

8    DATED this 4th day of August 2022.

9                                        LETHER LAW GROUP

10                                       /s/ Thomas Lether
11                                       Thomas Lether, WSBA #18089
                                         /s/ Eric J. Neal
12                                       Eric J. Neal, WSBA #31863
                                         /s/ Kevin J. Kay
13                                       Kevin J. Kay, WSBA #34546
                                         1848 Westlake Avenue N, Suite 100
14                                       Seattle, WA 98109
                                         P: (206) 467-5444/F: (206) 467-5544
15                                       tlether@letherlaw.com
                                         eneal@letherlaw.com
16                                       kkay@letherlaw.com
                                         Attorneys for American Hallmark Insurance
17                                       Company

18

19

20

21

22

23